IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL J. CUNNINGHAM, as Executor of the Estate of Mary C. Remick, Deceased, | : : : | CIVIL ACTION |
| *Plaintiff*, | : : | |
| v. | : : | |
| ARDEN COURTS OF YARDLEY PA, LLC d/b/a Arden Courts of Yardley, | : : | No. 25-cv-0021 |
| *Defendant.* | : : | |

**MEMORANDUM**

**KENNEY, J.**                                                                                       September 30, 2025

The Court writes for the benefit of the Parties and assumes familiarity with the facts of the case. Plaintiff petitions this Court to approve the Parties' settlement agreement (ECF No. 28). For the reasons set forth below, the Petition (ECF No. 28) will be **GRANTED**.

I.     **BACKGROUND**

Defendant Arden Courts of Yardley PA, LLC operates an assisted living facility in Yardley, Pennsylvania. *See* ECF No. 1-2 at 6; ECF No. 13 at 2. According to Plaintiff, Decedent Mary C. Remick resided at Defendant's facility for nearly six months in 2021 and later passed away on May 16, 2023. *See* ECF No. 1-2 at 5. Plaintiff Michael J. Cunningham, as the executor of Ms. Remick's estate, then brought a survival action against Defendant, alleging that Defendant operated the assisted living facility tortiously.[1] *See id.* at 42–43.

After the close of fact discovery, the Parties settled the case for $137,500, *see* ECF No. 28-9 at 2, and Plaintiff petitioned this Court to approve the settlement agreement, ECF No. 28 at 2.

---

[1] Plaintiff sued additional Defendants, but the Parties later stipulated that Plaintiff would proceed only against Defendant Arden Courts of Yardley PA, LLC. *See* ECF No. 12 at 2.

Plaintiff proposes apportioning the settlement amount as follows: $55,000 for attorney's fees, $13,941.51 for costs, $16,680.56 for a lien asserted by Rawlings – Aetna HRP Medicare Advantage, $5,000 for any delayed liens, and the remaining $46,877.93 for the survival claim. ECF No. 28-9 at 2; *see also* ECF No. 28 at 1. Defendant has no objections to the Petition. ECF No. 28-11 at 2. The Court reviews the proposed settlement below.[2]

## II.     DISCUSSION

Because this Court is sitting in diversity, *see* ECF No. 1 at 4–11, it must "apply state law to substantive issues and federal law to procedural issues." *Collins v. Mary Kay, Inc.*, 874 F.3d 176, 181 (3d Cir. 2017). Courts have found that the validity of a settlement agreement, including the issue of whether the agreement is subject to judicial approval, is a matter of substantive law to which state law applies. *See Goesel v. Boley Int'l (H.K.) Ltd.*, 806 F.3d 414, 419 (7th Cir. 2015) (holding that "judicial approval of settlements involving minors" is "a matter of substantive law"); *cf. Reo v. U.S. Postal Serv.*, 98 F.3d 73, 76 (3d Cir. 1996) (applying New Jersey law to conclude that the parties' settlement agreement required judicial approval, in order "to fill [a] gap in federal law"); *Crown Cork & Seal USA, Inc. v. Behurst*, No. 3:10-CV-251, 2012 WL 112490, at *7 (D. Or. Jan. 12, 2012) (applying state law to evaluate the enforceability of settlement agreements governing a wrongful death action). Accordingly, this Court will apply Pennsylvania law—the state in which the alleged conduct occurred, *see* ECF No. 1-2 at 5–6—to determine whether to grant the Petition.

Under the Pennsylvania Decedents, Estates, and Fiduciaries Code, the settlement of claims

---

[2] The Court does not render any decision on how Ms. Remick's estate must distribute the settlement proceeds allocated to the survival claim. That is the job of a probate court. *See King v. Nat'l R.R. Passenger Corp.*, No. CV 23-3883, 2025 WL 1257254, at *2 & n.2 (E.D. Pa. May 1, 2025) (approving distribution of settlement proceeds for attorney's fees and to the estate for a survival claim, but concluding that the decision of how to further distribute the estate's share of settlement proceeds "is a job for the probate court").

brought by an estate is subject to court approval. 20 Pa. Cons. Stat. § 3323(a), (b)(1). That requirement applies when, like here, the plaintiff brings a survival action. *See* ECF No. 1-2 at 42 (bringing the instant suit under Pennsylvania's survival statute); *see also Moore v. Gates*, 580 A.2d 1138, 1141 (Pa. Super. Ct. 1990) ("Before a survival claim can be settled on behalf of a decedent's estate, however, such a settlement must be judicially approved."). The purpose of court approval is "to protect the estate, as well as the creditors and beneficiaries thereof." *Moore*, 580 A.2d at 1141. And in deciding whether to approve the settlement, "courts in this jurisdiction have assessed the adequacy of the settlement [amount], the reasonableness of [any] apportionment between the wrongful death and survival claims, and the reasonableness of attorney's fees." *Kaufman v. Jetson Elec. Bikes, LLC*, No. 22-CV-3765, 2024 WL 659490, at *1 (E.D. Pa. Feb. 16, 2024).

Turning to the first factor—the adequacy of the settlement amount—courts "afford 'considerable weight' to the judgment of counsel and the parties in determining the 'fair value of the lawsuit.'" *Matter of McLean Contracting*, No. CV 14-5676, 2017 WL 2618855, at *1 (E.D. Pa. June 16, 2017). Here, both Plaintiff and Plaintiff's Counsel represent that Defendant's settlement offer of $137,500 is reasonable. ECF No. 28 at 4. Having considered that offer and the facts of the case, and given that the "parties are closer to the case and have a better handle on the risks and upsides of the litigation," the Court concludes that the Parties' settlement amount is adequate. *Carter v. Wellpath LLC*, No. 2:22-CV-01050, 2023 WL 6323095, at *1 (E.D. Pa. Sept. 28, 2023).

Next, the claimed attorney's fees and costs are reasonable. Plaintiff allocates 40% of the settlement amount—$55,000 in total, split between two entities—to attorney's fees.[3] *See* ECF No.

---

[3] Of the $55,000, approximately two thirds is allocated to Plaintiff's counsel and approximately one third is allocated to the entity that referred Plaintiff to Counsel. *See* ECF No. 28 at 1; ECF No. 28-8 at 2.

3

28 at 1, 4. That percentage is consistent with the contingency fee agreement into which Plaintiff entered. *See* ECF No. 28-8 at 2 (setting forth a 40% contingency fee). Other courts have found similar contingency fee arrangements to be reasonable. *See, e.g.*, *Hammonds v. Luzerne County*, No. 3:19-CV-2199, 2020 WL 5517496, at *2 (M.D. Pa. Sept. 14, 2020) (approving settlement and finding 40% contingency fee to be reasonable); *Peterson v. Murrow's Transfer, Inc.*, No. 2:23-CV-00136, 2024 WL 2925750, at *2 (W.D. Pa. May 30, 2024) (same, as to a 37.5% contingency fee); *In re Lucent Techs., Inc., Sec. Litig.*, 327 F. Supp. 2d 426, 442 (D.N.J. 2004) ("If this were a non-class action case, the customary contingent fee would likely range between 30% and 40% of the recovery."). Plaintiff also allocates $13,941.51 in costs to Plaintiff's Counsel. Counsel has itemized those costs, which include the cost of retaining experts and obtaining medical records and deposition transcripts. *See* ECF No. 28-9 at 5. Given the medical issues involved in this case, and the fact that this case settled at the end of fact discovery, these costs appear reasonable. *See* ECF No. 20 at 1; ECF No. 27 at 1.

Finally, Plaintiff's proposed allocation of the remaining settlement funds is reasonable. Plaintiff allocates $16,680.56 to satisfy a lien asserted by Rawlings – Aetna HRP Medicare Advantage, $5,000 to hold for any delayed liens related to Ms. Remick's residency at Arden Courts of Yardley, and the remaining balance to be paid to the survival claim. ECF No. 28 at 1, 3. That allocation is sensible. According to Plaintiff, no other liens related to Ms. Remick's residency at Arden Courts of Yardley have been asserted, though Plaintiff proposes holding $5,000 for any delayed liens.[4] *See id.* at 3; *see also* ECF No. 28-9 at 2. And allocating the remaining funds to the

---

[4] After the delayed liens, if any are paid, the remaining deposit will be allocated to the survival claim. *See* ECF No. 28 at 3. As relevant to possible liens, the Pennsylvania Department of Human Services states it has "no claim on [the decedent]." ECF No. 28-5 at 2. In April 2025, the Center for Medicare & Medicaid Services stated that it had not paid any "Part A or Part B Fee-for-Service claims" in connection with Ms. Remick, but was investigating whether there were "any other

survival claim is sensible because that it is the only claim in this case. This is therefore not a case where the Court must decide whether the Parties reasonably apportioned the settlement "between [any] wrongful death and survival claims." *See Kaufman*, 2024 WL 659490, at *1.

### III.     CONCLUSION

For the foregoing reasons, the Petition to Approve Settlement and Distribution (ECF No. 28) will be **GRANTED**. An appropriate Order will follow.

BY THE COURT:

/s/ Chad F. Kenney
_____
**CHAD F. KENNEY, JUDGE**

---

outstanding Medicare conditional payments." *See* ECF No. 28-4 at 2.

5